UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **MARCUS HAYNES**, |
| Plaintiff, |
| v. |
| **LIBRARY OF CONGRESS**, |
| Defendant. |

Case No. 1:18-cv-01113 (TNM)

**MEMORANDUM ORDER**

The Library of Congress did not hire Marcus Haynes when he applied for a reference librarian position. Mr. Haynes alleges that, in rejecting his application, the Library discriminated against him based on his disability and retaliated against him based on earlier Equal Employment Opportunity complaints he filed against the Library. The Library has moved for a judgment on the pleadings. For reasons given below, the Court will grant the Library's motion in part.

**I.**

Mr. Haynes worked for the Library for nine years before the Library fired him in 2001 for performance issues. Compl. at 5; ECF No. 1. In 2017, Mr. Haynes re-applied for a Library position as a reference librarian, specializing in music. *Id.* The Library did not hire him. *Id.* at 1. Alleging discrimination and retaliation, Mr. Haynes filed an informal complaint and then a formal complaint with the Library's Equal Employment Opportunity ("EEO") Office. *Id.* at 2.

Mr. Haynes, proceeding *pro se*, now seeks relief in federal court, alleging that the Library refused to hire him as a "reprisal for [his] prior complaint and to discriminate against [his] disability." Compl. at 1. While far from clear, it seems that he is alleging that when he worked for the Library before, he sought accommodations based on disability, but the Library denied his

requests. *See generally* Compl. at 1. In response, he filed complaints against the Library in 2000 and again in 2012. *Id.* at 2. So, according to Mr. Haynes, the Library rejected his 2017 application to retaliate against him because of these earlier complaints. *Id.* at 1.[1]

## II.

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court evaluates a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss. *See Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012) (treating a Rule 12(c) motion as "functionally equivalent to a Rule 12(b)(6) motion").

To survive a motion to dismiss for failure to state a claim, a complaint must contain enough factual allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires that a complaint raise "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 545-46. Thus, courts do not accept the truth of legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

But courts must accept the nonmovant's allegations as true and view the facts in the light most favorable to the nonmovant. *See Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 7 (D.D.C. 1995). Consideration is limited to "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which the court may take judicial

---

[1] The Court has federal question jurisdiction under 28 U.S.C. § 1131.

notice." *Hurd v. D.C., Gov't*, 864 F.3d 671, 678 (D.C. Cir. 2017). And the moving party bears the burden of showing the complaint's insufficiency. *Cohen v. Bd. of Trs. of the Distr. of Columbia*, 819 F.3d 476, 481 (D.C. Cir. 2016).

## III.

### A.

The Library urges the Court to dismiss Mr. Haynes's Complaint, arguing that Mr. Haynes failed to exhaust his administrative remedies. Mot. for Judgment on the Pleadings ("Mot.") at 6–9; ECF No. 16. According to the Library, it rejected Mr. Haynes's job application on November 21, 2017 because it determined that he did not have the knowledge, skills, and abilities for the position. Mot. at 4. Under the Library's regulations, staff members and qualified applicants[2] must file an administrative complaint with the EEO Office within 45 days of the alleged discriminatory event.[3] *See* Library of Congress Regulation ("LCR") 11-310, *Resolving Complaints of Discrimination* at 3; ECF No. 16-1. The Library argues that Mr. Haynes, thus, missed his deadline by four days because he did not file his complaint until January 9, 2018. Mot. at 5.

Before filing a lawsuit under Title VII, plaintiffs must exhaust their administrative remedies. *See Park v. Howard University*, 71 F.3d 904, 907 (D.C. Cir. 1995). As the Library acknowledges, "untimely exhaustion of Title VII administrative remedies is an affirmative defense, [so] the defendant bears the burden of pleading and proving it." *Rosier v. Holder*, 833

---

[2] Neither the Library or Mr. Haynes address whether this regulation applies to Mr. Haynes. Is he a "qualified applicant?" *See* LCR 11-310. While it is not clear, the Court assumes for now that this regulation does apply to Mr. Haynes.

[3] By statute, the Library is not subject to the EEOC regulations, so it issues its own regulations. *See* 42 U.S.C. § 2000e-16(b); *see also Hansen v. Billington*, 644 F. Supp. 2d 97, 99 n.2 (D.D.C. 2009).

3

F. Supp. 2d 1, 5 (D.D.C. 2011) (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997)).

As the Library points out, its regulation largely mirrors EEOC's regulation: "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). But the deadline tolls if the aggrieved person "did not know and reasonably should not have . . . known that the discriminatory matter or personnel action occurred." *Id.* § 1614.105(a)(2).

The Library encourages the Court to follow *Rafi v. Sebelius*, 377 Fed. App'x 24, 25 (D.C. Cir. 2010). Mem. at 8. In *Rafi*, the D.C. Circuit upheld the district court's dismissal of an employee's discrimination claim because he failed to contact an EEO counselor within this 45-day deadline. 377 Fed. App'x at 25. The District Court explained that the employee could not be held responsible for not contacting an EEO counselor "until he had a reasonable suspicion" that his application was rejected. *Rafi v. Sebelius*, No. 1:02-cv-02356-JR, slip op. at 11 (D.D.C. Sept. 30, 2005). So the District Court looked at the evidence to determine when the employee "should reasonably have been aware that he needed to protect his rights." *Id.* at 12–13. Here, the Library has not alleged—or offered evidence to suggest that—Mr. Haynes knew or should have known that the Library rejected his application on November 21.[4]

In any event, it is unclear *when* the Library rejected his application, triggering the 45-day deadline for Mr. Haynes. Mr. Haynes's Complaint gives no date of the alleged discriminatory

---

[4] Unlike the EEOC regulation, the Library's regulation does not explicitly extend the 45-day deadline when a person did not know and reasonably could not have known that the personnel action occurred. *Compare* LCR 11-310 *with* 29 C.F.R. § 1614.05(a)(2). But a lack of notice raises serious due process concerns. And the Library offers no examples a court dismissing a complaint based on failure to exhaust when the employee had no reason to know that an adverse personnel action occurred.

4

event. *Cf. Achagzai v. Broadcasting Bd. of Govs.*, 170 F. Supp. 3d 164, 174–75 (D.D.C. 2016) (explaining that if the defendant had "simply moved to dismiss without identifying allegations in the complaint that effectively conceded a failure to exhaust, it would not be entitled to prevail at this stage of the proceeding").

The Library admits the uncertainty about this date in its own motion. It states: "[o]n or *about* November 21, 2017, Plaintiff was disqualified at [the Library's] 'narrative review' stage of its selection process." Mot. at 4 (emphasis added). To show that the Library rejected his application on November 21, the Library cites its "Narrative/Application Review Rating Form," which it attaches to its motion. *See* ECF 16-2. But this form does not show that the Library rejected his application on November 21. Two Library employees signed the form on November 21, but two other employees, who also signed it, never dated their signatures. *Id.* So it is possible that the final decision to reject his application was not made until later. What's more, it is unclear that the day that these employees signed this form is *necessarily* the same day that the Library rejected his application.

In sum, at this early stage, the Library has not shown that Mr. Haynes failed to timely exhaust.

**B.**

The Library also argues that Mr. Haynes has failed to state a retaliation claim. Mot. at 9. To prove a retaliation claim, an employee "must show (1) that [the] employee engaged in statutorily protected activity; (2) that the employee suffered a materially adverse action by the employee's employer; and (3) that a causal link connects the two." *Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Library of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013). "To survive [a] motion to dismiss, [a] complaint must contain sufficient factual

matter, accepted as true, to plausibly establish those three elements." *Id.* (internal quotation marks omitted). The Library insists that Mr. Haynes has failed to establish a causal connection between his protected activity and the adverse action he challenges—*i.e.*, that there are not factual allegations to support an inference of retaliation. Mot. at 9.

Mr. Haynes has not alleged direct evidence to suggest that the Library rejected his application *because* of his prior complaints. Without direct evidence, the Court may still infer a causal connection between the protected activity and the adverse employment action if the plaintiff shows that "the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity." *Mitchell v. Baldrige*, 759 F.2d 80, 86 (D.C. Cir. 1985). In other words, temporal proximity alone may establish causation. But to establish causation by temporal proximity alone, "[t]emporal proximity must be very close." *Keys*, 37 F. Supp. 3d at 372 (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)). In this circuit, while there is no bright-line rule, temporal proximity means about a three-month interval. *See Taylor v. Solis*, 571 F.3d 1313, 1322 (D.C. Cir. 2009).

Mr. Haynes's last protected activity occurred in 2012 when he filed a complaint with the Library's EEO Office. *See* Compl. at 2. But the allegedly retaliatory act—the rejection of his application—did not occur until 2017. *Id.* This five-year time gap does not support an inference of a causal connection. *See Taylor*, 571 F.3d at 1322. And Mr. Haynes has alleged no other factual support for his claim that the Library rejected his application in retaliation.[5] Even accepting Mr. Haynes's allegations as true and viewing the facts in the light most favorable to

---

[5] Mr. Haynes alleges that a Library selection officer knew Mr. Haynes from when he worked there before. *See* Pl.'s Mot. in Opp. of the Def.'s Mot. for Judgment at 1, ECF. No. 19. But he does not allege that she knew that he had made EEO complaints or would have any other reason to retaliate against him. *See id.*

him, as the Court must, *see Judicial Watch*, 880 F. Supp. at 7, Mr. Haynes has failed to make factual allegations to support an inference of retaliation.

**IV.**

For these reasons, it is hereby

**ORDERED** that Defendant's Motion for Judgment on the Pleadings is GRANTED in part; and it is also

**ORDERED** that Plaintiff's Retaliation Claim is DISMISSED.

Dated: February 13, 2019                          TREVOR N. McFADDEN, U.S.D.J.